NUMBER
 13-01-582-CR

 

                             COURT
OF APPEALS

 

                   THIRTEENTH
DISTRICT OF TEXAS

 

                                CORPUS
CHRISTI

___________________________________________________________________

 

DAVID WAYNE HAMPTON,                                                   Appellant,

 

                                                   v.

 

THE STATE OF TEXAS,                                                          Appellee.

___________________________________________________________________

 

                        On
appeal from the 252nd District Court

                                of Jefferson County, Texas.

__________________________________________________________________

 

                                   O
P I N I O N

 

                   Before Justices Hinojosa, Yañez, and Kennedy[1]

                                 Opinion
by Justice Kennedy

 








Appellant=s court-appointed
attorney has filed a brief in which she has concluded that the appeal is wholly
frivolous and without merit.  Anders v. California, 386 U.S. 738 (1967).  The State has also filed a brief in which it
challenges the jurisdiction of this Court to hear this appeal based upon the
failure of appellant to obtain permission of the trial court to appeal.  We first consider the challenge to the
jurisdiction of this Court.

When a defendant pleads guilty to a felony, and the punishment
assessed does not exceed that recommended by the prosecutor and agreed to by
the defendant, the notice of appeal must state that the appeal is for a
jurisdictional defect, or that the substance of the appeal was raised by
written motion and ruled on before trial, or that the trial court granted
permission to appeal.  Tex. R. App. P. 25.2(b)(3).  See Cooper
v. State, 45 S.W.3d 77, 79 (Tex. Crim. App.
2001).  In the case before the record
shows a plea bargain which was agreed to by all parties.  The trial court followed the plea bargain,
thus, the punishment assessed did not exceed the punishment recommended by the
prosecutor and agreed to by the appellant. 
Accordingly, the notice of appeal must state that the appeal is for a
jurisdictional defect or that the substance of the appeal was raised by written
motion and ruled on before trial or that the trial court granted permission to
appeal.  Appellant=s notice of appeal did
not comply with this rule and, therefore, fails to confer jurisdiction on this
Court.

In accordance with Anders, appellant=s attorney has asked
permission to withdraw as counsel for appellant.  See Anders, 386 U.S. at 744.  We grant the attorney=s motion to
withdraw.  We order appellant=s attorney to notify
appellant of the disposition of this appeal and of the availability of
discretionary review.  See Ex parte
Wilson, 956 S.W.2d 25, 27 (Tex. Crim. App. 1997).








The appeal is DISMISSED FOR WANT OF JURISDICTION.

NOAH
KENNEDY

Justice

Do not
publish.

Tex.
R. App. P. 47.2(b).

 

Opinion delivered and
filed

this 23rd day of January,
2003.











[1]Retired
Justice Noah Kennedy assigned to this Court by the Chief Justice of the Supreme
Court of Texas pursuant to Tex. Gov=t Code
Ann. ' 74.003 (Vernon 1998).